IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

**JAMES E. O.,**[1]

        Plaintiff,

    v.

**COMMISSIONER OF SOCIAL SECURITY,**

        Defendant.

Civ. No. 6:18-cv-01832-CL

**OPINION AND ORDER**

MARK D. CLARKE, Magistrate Judge.

Plaintiff James E. O. ("Plaintiff") seeks judicial review of the final decision of the

Commissioner of the Social Security Administration denying his claim for supplemental security

income (SSI) benefits under Title XVI of the Social Security Act. For the reasons provided

below, the Commissioner's decision is affirmed.[2]

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name
of the non-governmental party or parties in this case.
[2] The parties have consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. §
636(c)(1).

## BACKGROUND

Plaintiff, born in 1964, has no past relevant work experience. Tr. 25. He has at least a high school education and is able to communicate in English. Tr. 25. Plaintiff's primary allegations of disability are schizophrenia, posttraumatic stress disorder, mild coronary artery disease, chronic obstructive pulmonary disease mixed type, stiffness of the right hand joint, and osteoarthritis of both knees. Tr. 18.

Plaintiff filed an application for disability insurance benefits on July 19, 2013, alleging disability beginning June 16, 2003. Tr. 15. Plaintiff's claim for disability was denied initially and upon reconsideration. Tr. 15. A hearing was held on June 2, 2017, before Administrative Law Judge ("ALJ") Marilyn S. Mauer. Tr. 33. On September 26, 2017, the ALJ issued a decision finding Plaintiff not disabled since July 19, 2013, the date the application was filed. Tr. 26, 27. On August 22, 2018, the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. Tr. 1. Plaintiff now appeals that final decision.

## DISABILITY ANALYSIS

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r. Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1.      Is the claimant performing "substantial gainful activity"? 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). This activity is work involving

significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510; 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2.    Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). Unless expected to result in death, an impairment is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a); 416.921(a). This impairment must have lasted or must be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509; 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3.    Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis proceeds to the "residual functional capacity" ("RFC") assessment.

      a.    The ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's RFC. This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e); 404.1545(b)-(c); 416.920(e); 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4.    Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5.    Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v); 404.1560(c);

416.960(c). If the claimant cannot perform such work, he or she is disabled.
*Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954-55 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 954. The
Commissioner bears the burden of proof at step five. *Id.* at 953-54. At step five, the
Commissioner must show that the claimant can perform other work that exists in significant
numbers in the national economy, "taking into consideration the claimant's residual functional
capacity, age, education, and work experience." *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir.
1999) (internal citations omitted); *see also* 20 C.F.R. §§ 404.1566; 416.966 (describing "work
which exists in the national economy"). If the Commissioner fails to meet this burden, the
claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the
Commissioner proves that the claimant is able to perform other work existing in significant
numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 954-55;
*Tackett*, 180 F.3d at 1099.

## THE ALJ'S FINDINGS

Applying the five-step analysis, the ALJ made the following findings:

1. Plaintiff did not engage in substantial gainful activity since July 19, 2013, the
   application date. Tr. 17.

2. Plaintiff had the following severe impairments: schizophrenia, and posttraumatic
   stress disorder. Plaintiff's pulmonary disease, coronary artery disease, Crohn's
   disease, and alleged knee pain were not severe impairments. Tr. 18.

3. Plaintiff did not have an impairment or combination of impairments that met or
   medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404,
   Subpart P, Appendix 1. Tr. 19.

4. Plaintiff had the RFC to perform a full range of works at all exertional levels as
   defined in 20 C.F.R. 404.1567. Specifically, Plaintiff could understand, remember
   and apply information consistent with the completion of tasks requiring a G.E.D
   reasoning level of 2 or less in a setting with no public contact and no teamwork

assignment. Plaintiff could work in a setting with no strict production pace, defined as no hourly pace so long as adequate work is completed by the end of the work shift. Tr. 20.

5.  Plaintiff had no past relevant work. Tr. 25.

6.  Plaintiff was born on June 2, 1964 and was 49 years old, which is defined as a younger individual age 18-49, on the date the application was filed. Plaintiff subsequently changed age categories to an individual closely approaching advanced age on June 1, 2014. Tr. 25.

7.  Plaintiff had at least a high school education and was able to communicate in English. Tr. 25.

8.  Transferability of job skills was not an issue because Plaintiff does not have past relevant work. Tr. 25.

9.  Considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. Tr. 25.

Consequently, the ALJ concluded Plaintiff had not been under a disability, as defined by the Social Security Act, since July 19, 2013, the date the application was filed. Tr. 26.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on the proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "'Substantial evidence' means 'more than a mere scintilla but less than a preponderance,' or more clearly stated, 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). In reviewing the Commissioner's alleged errors, this Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations

Page 5 of 13 – OPINION AND ORDER

of the evidence are insignificant if the Commissioner's interpretation is rational. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

Where the evidence before the ALJ is subject to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Batson*, 359 F.3d at 1198 (citing *Andrews*, 53 F.3d at 1041). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock*, 879 F.2d at 501). Additionally, a reviewing court "cannot affirm the [Commissioner's] decision on a ground that the [Administration] did not invoke in making its decision." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (citations omitted). Finally, a court may not reverse an ALJ's decision on account of an error that is harmless. *Id.* at 1055-56. "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

Even where findings are supported by substantial evidence, "the decision should be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." *Flake v. Gardner*, 399 F.2d 532, 540 (9th Cir. 1968). Under sentence four of 42 U.S.C. § 405(g), the reviewing court has the power to enter, upon the pleadings and transcript record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the case for a rehearing.

## DISCUSSION

Plaintiff presents the following issues for review: (1) whether the ALJ gave specific and legitimate reasons to give limited weight to the medical opinion of consultative psychological examiner Paul Stoltzfus, Psy. D; (2) whether the ALJ erred by failing to find Plaintiff's knee

impairment severe; and (3) whether the ALJ erred by failing to fully develop the record and order a physical consultative examination.

## I.    The ALJ properly evaluated the opinion of Dr. Stoltzfus, Plaintiff's examining physician.

In social security cases, there are three categories of medical opinions: those that come from treating, examining, and non-examining doctors. *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2008). "Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Id.* at 1202. In addition, the regulations give more weight to opinions that are explained than to those that are not. 20 C.F.R. § 404.1527(d)(3). The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of an examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Even where an examining physician's opinion is contradicted by another doctor, the ALJ may only reject it with "specific and legitimate" reasons supported by substantial evidence. *Id.* at 830-31. The opinion of a non-examining physician cannot by itself constitute substantial evidence to reject the opinion of an examining physician. *Id.*

On February 16, 2017, Dr. Paul S. Stoltzfus, Psy.D, conducted a consultative psychological examination of Plaintiff. Tr. 417. rein,Dr. Stoltzfus diagnosed Plaintiff with the following: schizophrenia; post-traumatic stress disorder; cannabis use disorder, ongoing; migraines and rheumatoid arthritis, per patient report. Tr. 420.

Dr. Stoltzfus concluded the following based on Plaintiff's psychological examination: Plaintiff had moderate limitations understanding, remembering and carrying out simple instructions. Tr. 423. Plaintiff had marked limitations making judgments on simple work-related decisions and understanding and remembering complex instructions. Tr. 423. Plaintiff had

Page 7 of 13 – OPINION AND ORDER

extreme limitations on carrying out complex instructions and the ability to make judgments on

complex work-related decisions. Tr. 423. Moreover, Plaintiff had extreme restrictions on the

ability to respond appropriately to usual work situations, changes in a routine work setting, and

interacting appropriately with the public, supervisors, and co-workers. Tr. 423 – 24. Dr. Stoltzfus

noted that "despite over a decade of psychotropic medications, claimant continues to suffer from

paranoia, hallucinations, aggressive and violent impulses. He remains isolated from people most

of the time to avoid interpersonal violence." Tr. 424.

On a thorough and complete review of the record, the Court concludes that the ALJ gave

specific and legitimate reasons for giving limited weight to Dr. Stoltzfus's medical opinion. First,

the ALJ noted the inconsistency between Dr. Stoltzfus's opinion and his own treatment records.

Tr. 26. Specifically, that Plaintiff had unremarkable speech, intact receptive and expressive

language, full orientation, logical, reasonable and coherent thought processes, and average

intellectual functioning. Tr. 26.

Second, the ALJ noted that Dr. Stoltzfus's medical opinion was not borne out at all in

Plaintiff's treatment records. Tr. 26. Specifically, the ALJ noted that Plaintiff's lack of treatment,

and the fact that no treatment providers suggested counseling, was inconsistent with a disorder of

that severity. Tr. 25. Additionally, the ALJ noted that the report of the Cooperative Disability

Investigations Unit (CDIU) stated, among other things, that the Plaintiff performed various yard

work (e.g., mowing cutting, trimming, hauling) for his property owner for a reduction in his rent,

which shows an ability to perform some degree of physical labor. Tr. 24. Additionally, the CDIU

stated that Plaintiff did not appear anxious or depressed and overall displayed an appropriate

demeanor and adequate recall and concentration. Tr. 24. Moreover, the ALJ noted that Plaintiff's

daily activities were inconsistent with the degree of symptoms reported. Tr. 24. Among

Plaintiff's list of daily activities, the ALJ noted that Plaintiff cooked and cleaned with his girlfriend, handled his funds, attended church about once a month, worked on cars, and shopped in stores once a month. Tr. 24.

Third, the ALJ noted the contradicting opinions of State agency psychological consultant Arthur Lewy, PhD, and psychological consultant Scott Kaper, PhD. Tr. 24. Both Dr. Lewy and Dr. Kaper opined that Plaintiff could complete basic tasks on a consistent basis and could sustainably manage brief, and cursory contact with the public and accept supervision. Tr. 24. The ALJ gave the opinions significant weight because both psychological consultants reviewed medical evidence and both opinions were generally consistent with the clinical findings of treatment providers. Tr. 24. Specifically, the ALJ cited that multiple treatment providers found Plaintiff negative for anxiety, depression, and agitation. Tr. 24.

Plaintiff contends that the ALJ erred by dismissing Dr. Stoltzfus's opinion on the basis that the doctor saw the claimant only once. While the Court agrees with Plaintiff that this is not a legitimate reason on its own, Plaintiff misconstrues the ALJ's reasoning. Here, the ALJ noted the one-time examination to emphasize that Dr. Stoltzfus's only examination of Plaintiff was essentially unremarkable. Tr. 26. Thus, the examination was inconsistent with Dr. Stoltzfus's conclusions.

Additionally, Plaintiff contends that there were specific abnormal findings made by Dr. Stoltzfus that supports Dr. Stoltzfus's medical opinion. Specifically, that the examination noted Plaintiff's very blunt mood/affect, lack of humor, a 1/3 recall after five minutes, and thought content positive for ongoing hallucinations. Plaintiff also points to additional evidence of the record that supports Dr. Stoltzfus's opinion. However, the ALJ's conclusion must be upheld where the evidence is subject to more than one rational interpretation. Because the Court finds

that the ALJ gave specific and legitimate reasons for discounting Dr. Stoltzfus's medical

opinion, the Court finds the ALJ's interpretation of the evidence was rational and supported by

substantial evidence.

## II.     The ALJ properly determined that Plaintiff's alleged knee pain was not a severe impairment.

The step-two inquiry, of the five-step sequential evaluation process, is a *de minimus*

screening device to dispose of groundless claims. *Bowen v. Yuckert*, 482 U.S. 137, 153-54

(1987). A step two impairment or combination of impairments "may be found not severe *only if*

the evidence establishes a slight abnormality that has no more than a minimal effect on an

individual's ability to work." *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (emphasis

added). Basic work tasks include the capacity for physical functions such as walking, standing,

and carrying. 20 C.F.R. § 416.909. Thus, to move beyond the step-two inquiry, the claimant

must prove the existence of a physical or mental impairment by providing medical evidence

consisting of signs, symptoms, and laboratory findings. 20 C.F.R. §§ 404.1508. The claimant's

own statement of symptoms is not sufficient. *Id.*

Here, the ALJ found that Plaintiff had the following severe impairments: schizophrenia

and posttraumatic stress disorder. Tr. 18. However, the ALJ found that Plaintiff's chronic

obstructive pulmonary disease, mild coronary artery disease, Crohn's disease, and alleged knee

pain were not severe impairments. Tr. 18. Plaintiff contends that the ALJ erred only by failing to

find Plaintiff's knee impairment severe.

The ALJ's reasoning for finding Plaintiff's alleged knee pain as not severe correctly

relied on substantial evidence found in the record. The ALJ noted treatment providers and

examiners had no abnormal related objective findings, including negative joint pain, normal

gait/ambulation, strength, and range of motion. Tr. 18, 23. Additionally, the ALJ noted the

medical evidence of record showed minimal related treatment or complaints to treatment providers during the relevant period. Tr. 23. Finally, the ALJ indicated that treatment providers noted that Plaintiff had moderate activity level and exercised (walked) daily. Tr. 18, 23. Thus, the ALJ reasonably relied on substantial evidence to find that Plaintiff's knee impairment had no more than a minimal effect on Plaintiff's ability to work.

Plaintiff incorrectly contends that ALJ failed to consider the medical records of Ananda Chatterjee, M.D., because it was not noted in the decision. Dr. Chatterjee noted that Plaintiff had osteoarthritis of both knees and management included muscle strengthening, using a knee brace, and pain relief with Tylenol/Ibuprofen/Topical gels. Tr. 534, 537. "An ALJ's failure to cite specific evidence does not indicate that such evidence was not considered." *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998). Here, although the ALJ did not specifically address Dr. Chatterjee's evaluation of Plaintiff's knee impairments, the Court finds that the ALJ did incorporate Dr. Chatterjee's findings into the decision. Tr. 19, 25, 26. Because the ALJ specifically referenced Dr. Chatterjee's evaluation in her decision, it is unlikely that the ALJ did not consider Dr. Chatterjee's evaluation of Plaintiff's knee impairment. *See id.*

Moreover, even if the ALJ did err in finding the claimant's knee impairment was not "severe", the error is considered harmless. Alleged errors regarding an ALJ's decision on "severe" impairments are considered harmless when the ALJ finds the plaintiff suffers from other severe impairments. *See, e.g., Mondragon v. Astrue*, 364 Fed. Appx. 346, 348 (9th Cir. 2010). Here, the ALJ found that Plaintiff's schizophrenia and posttraumatic stress disorder were "severe" impairments and continued with the five-step analysis. Thus, the assumptive error is considered harmless because step two was resolved in claimant's favor.

### III.    The ALJ properly developed the record of plaintiff's alleged knee impairments.

In general, a claimant must prove he is disabled. 20 C.F.R. § 416.912(a). However, The

ALJ has an affirmative duty to ensure the adequate development of the record. *Celaya v. Halter*,

332 F.3d 1177, 1183 (9th Cir.2003). The ALJ's duty to develop the record is not triggered in the

event of a silent record that does not support disability. *Armstrong v. Comm'r of Soc. Sec. Admin.*,

160 F.3d 587, 589 (9th Cir.1998). Rather, The ALJ's duty to develop the record is triggered only

by "ambiguous evidence or when the record is inadequate for proper evaluation of the evidence."

*Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir.2001); see also SSR 96–7P, available at 1996

WL 374186, at *2 n. 3 (July 2, 1996) ("The adjudicator must develop evidence regarding the

possibility of a medically determinable mental impairment when the record contains information

to suggest that such an impairment exists."). Where the duty to develop the record is triggered,

such supplementation can include subpoenaing physicians, submitting questions to the physicians,

continuing the hearing, or keeping the record open after the hearing to allow the record to be

supplemented. *Tonapetya v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). The ALJ may also order

a consultative examination in certain circumstances. 20 C.F.R. §§ 404.1519a, 416.919a.

Here, the Court finds that the ALJ fulfilled her duty to develop the record by instructing

Plaintiff's counsel to get additional knee x-rays and leaving the record open after the hearing for

these records to be submitted. The record shows that Plaintiff had an x-ray of his left knee, an MRI

of the left knee, and an x-ray of his back. Tr. 515, 519. However, the record did not contain the

results of these procedures. Tr. 36, 37. During the hearing, the ALJ noted the significance of the

missing results and asked Plaintiff's counsel to "fill in the gaps" and get the knee x-rays. Tr. 37,

38. The ALJ left the record open for three weeks after the hearing to supplement the record;

however, the x-rays and MRI procedures were never submitted. Tr. 50.

Plaintiff contends that the ALJ erred by not ordering a physical consultative examination. However, the decision to order a consultative examination is left to the discretion of the ALJ. *See* 20 C.F.R. § 416.919a (If we cannot get the information we need from your medical sources, we *may* decide to purchase a consultative examination.) (emphasis added). Moreover, it is ultimately Plaintiff's burden to prove disability, not the ALJ's. 20 C.F.R. § 416.912(a). Thus, the ALJ correctly exercised her discretion by asking Plaintiff to submit the missing x-rays. The Court finds that the ALJ fulfilled her obligation and did not commit harmful error by not ordering a consultative examination.

### ORDER

Based on the foregoing, and pursuant to sentence four of 42 U.S.C. § 405(g), the decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

DATED this 6th day of August, 2020.


/s/ Mark D. Clarke
MARK D. CLARKE
United States Magistrate Judge